## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FOUNDERS INSURANCE COMPANY,
an Illinois corporation,

    Plaintiff,                                 CASE NO.: 8:11-cv-916-T-30MAP

vs.

DAMIAN MOTSINGER, JOHN DOE,
and UNCHAINED, LLC
d/b/a ALLIGATOR ALLEY,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Entry of Default Judgment as to Defendants Damien Motsinger ("Motsinger"), John Doe, and Unchained, LLC d/b/a Alligator Alley ("Unchained") (Dkt. 12). Upon consideration of the motion, the Court hereby **GRANTS** Plaintiff's Motion.

Plaintiff, Founders Insurance Company ("Founders"), filed a Complaint in this Court on April 26, 2011, seeking entry of a declaration that coverage does not exist under a policy of insurance, Policy Number CPFL000516, issued by Founders to Unchained for claims brought against Unchained and John Doe by Defendant Motsinger. (Dkt. 1). The Complaint seeks a declaration that Founders does not owe a duty to defend or duty to indemnify John Doe or Unchained with respect to the claims of Motsinger. (Dkt. 1).

Defendant Motsinger's claims were asserted in a complaint filed in the Tenth Circuit in and for Polk County, Florida, by Motsinger against Defendants John Doe and Unchained ("the underlying complaint"). (Dkt. 1-3). The underlying complaint alleges claims of assault and battery against Defendant John Doe. Specifically, it alleges that Defendant John Doe, who worked for Unchained as a bouncer, "attacked" Motsinger and "struck him numerous times about his body including but not limited to his legs, and causing severe injury." (Dkt. 1-3, at ¶8). The underlying complaint also alleges a claim of negligence against Defendant Unchained, and asserts that Unchained was negligent in hiring, training, disciplining, and supervising Defendant John Doe, and that Unchained was negligent by (a) failing to eject confrontational patrons from the premises without resorting to immediate violence; (b) failing to protect and warn patrons from harm; and (c) failing to maintain a safe premise for patrons. (Dkt. 1-3, at ¶¶21, 31).

Defendants Unchained and John Doe were served with the Complaint in this action on May 2, 2011. (Dkt. 4). Defendant Motsinger was served with the Complaint on May 12, 2011. (Dkt. 5). After Defendants Motsinger, John Doe, and Unchained failed to file their own responsive pleadings within the time and manner prescribed by the rules of civil procedure, Founders filed a Motion for Entry of Default by the Clerk as to each Defendant. (Dkts. 6, 7, 8). The Clerk of Court filed an Entry of Default as to each Defendant on July 8, 2011. (Dkts. 9, 10, 11). More than twenty-four (24) days have passed since the Clerk filed the Entry of Default as to each Defendant, and, to date, neither Motsinger, John Doe, nor Unchained have filed a notice of appearance or responsive pleading in this action.

Plaintiff Founders filed the instant Motion for Default Judgment on July 28, 2011, requesting entry of default judgments as to Defendants Motsinger, John Doe, and Unchained. (Dkt. 12). The Motion also requests the Court to declare that coverage does not exist under Policy Number CPFL000516 for the underlying claims of Motsinger against John Doe and Unchained, and that Founders does not owe a duty to defend or duty to indemnify John Doe and/or Unchained with respect to the claims in the underlying matter.

The Court concludes that Founders is entitled to entry of a default judgment based upon the Defendants' failure to plead, defend and/or appear in this action. The well-pleaded allegations of the Complaint establish that coverage does not exist under Policy Number CPFL000516 for the underlying claims of Motsinger against John Doe and Unchained, and that Founders owes no duty to defend or duty to indemnify John Doe or Unchained with respect to the claims in the underlying matter.

As set forth in the Complaint, the policy at issue includes an assault and/or battery exclusion, which states that the policy does not apply to:

    (a)    assault and/or battery committed by any insured, any "employee" of an insured, or any other person;
    (b)    The failure to suppress or prevent assault and/or battery by Any person in subparagraph 1.(a) above;
    (c)    The selling, serving or furnishing of alcoholic beverages which result in an assault and/or battery; or
    (d)    The negligent:
        (1)    Employment;
        (2)    Investigation;
        (3)    Supervision;
        (4)    Reporting to the proper authorities, or the failure to so report; or
        (5)    Retention of or by a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by subparagraphs 1.(a) through 1.(c) above.

The underlying allegations against Defendant John Doe are premised upon the intentional torts of assault and battery, and the committal of such conduct cannot be deemed an "accident" for purposes of extending coverage under the policy for bodily injuries caused by an "occurrence". *See Barry Univ., Inc. v. Fireman's Fund Ins. Co. of Wisconsin*, 845 So. 2d 276, 279 (Fla. 3d DCA 2003) (determining that the material allegations, which involved intentional torts and intentional conduct, cannot be regarded as an "accident" for purposes of extending coverage); *Aetna Cas. & Surety Co. v. Miller*, 550 So. 2d 29, 30 (Fla. 3d DCA 1989) (determining that the commercial liability policy (which provided coverage for "accidents") excluded coverage for the alleged intentional acts of the defendant). Furthermore, the policy at issue contains an assault and battery exclusion, which states that the policy does not apply to bodily injury arising from "assault and/or battery committed by any insured, any 'employee' of an insured, or any other person." (Dkt. 1-2, at 50). Application of this exclusion prevents a finding of coverage for the claims of assault and battery alleged against Defendant John Doe; thus, Founders does not owe a duty to defend or duty to indemnify John Doe. *See Keen v. Fla. Sheriffs' Self-Insurance*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007) (finding that a duty to defend does not exist where the allegations of the complaint show applicability of a policy exclusion).

Although the allegations against Defendant Unchained are set forth under a claim for negligence, Defendant Motsinger's alleged injuries arose directly from the intentional acts of assault and battery. *See Century Surety Co. v. Seductions, LLC*, No. 09-12126, 2009 WL 3335863 (11th Cir., Oct. 19, 2009) (determining that the plaintiff's claims of negligence (negligent training, hiring and supervision) against a bar owner arose from the assault and

battery committed by one or more of the bar's security personnel).  Furthermore, the assault and/or battery and negligent hiring exclusion specifically excludes coverage for bodily injuries arising from the failure to suppress or prevent an assault and/or battery by an insured, any employee of an insured, or any other person, and excludes coverage for bodily injuries arising from the negligent hiring, training, disciplining, and/or supervision of a person.  (Dkt. 1-2, at 50).  Accordingly, the clear language of the policy excludes coverage for Defendant Motsinger's claims of negligence against Unchained; thus, Founders does not owe a duty to defend or duty to indemnify Unchained.  *See Keen*, 962 So. 2d at 1024.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Entry of Default Judgment as to Defendants Damien Motsinger, John Doe, and Unchained, LLC d/b/a Alligator Alley (Dkt. 12) is **GRANTED.**

2. The CLERK is directed to enter a **Final Default Judgment** in favor of Plaintiff Founders Insurance Company and against Defendants.

3. The CLERK is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2011\11-cv-916.mtdefaultjudg12.wpd